LE:AB/EL
F. #2020R00491

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -                                                             No. 20-CR-342 (S-1) (DC)

KRISTY MAK and
ANDRE PRINCE,
     also known as "Allen Parks"
     and "Aaron,"

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTIONS IN LIMINE

                                                                             BREON PEACE
                                                                             UNITED STATES ATTORNEY
                                                                             Eastern District of New York
                                                                             271 Cadman Plaza East
                                                                             Brooklyn, New York 11201

Arun Bodapati
Elias Laris
Assistant U.S. Attorneys
      (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................ 3

I.    The Court Should Admit the Defendants' Statements When Offered by the Government 3

    A. The Defendants' Statements Should be Admitted as Party Admissions ...................... 3

    B. The Court Should Preclude the Defendants from Admitting Additional Portions of their Statements ................................................................................................... 4

II.   The Court Should Admit Statements of the Defendants' Co-Conspirators as Statements in Furtherance of the Conspiracy. ........................................................................................ 5

CONCLUSION ..................................................................................................................... 8

## PRELIMINARY STATEMENT

On April 9, 2021, a grand jury sitting in the Eastern District of New York returned a superseding indictment charging defendants Kristy Mak and Andre Prince (also known as "Allen Parks" and "Aaron") with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, in connection with their participation in a fraudulent moving company scheme. ECF No. 19.[1] Over the course of the charged conspiracy, the defendants communicated extensively—primarily through emails, Slack instant-messaging, and messaging via SMS or other applications such as WhatsApp—with each other and other employees of the fraudulent moving companies in order to perpetrate the scheme.

In advance of trial, the government respectfully moves in limine to:

(1) Admit the defendants' statements when offered by the government;

(2) Exclude the defendants' statements when offered by the defendants; and

(3) Admit statements between and among the co-conspirators in this case.

For the reasons set forth herein, the government respectfully submits that the Court should grant the government's motion in its entirety.

## RELEVANT BACKGROUND

The charge in this case arises from the defendants' participation in a fraudulent moving company scheme between at least January 2017 and August 2020. The defendants worked

---

[1] A grand jury sitting in the Eastern District of New York initially returned an indictment on September 2, 2020, charging Yakov Moroz with three counts of wire fraud, in violation of Title 18, United States Code, Section 1343 and two counts of providing false statements, in violation of Title 18, United States Code, Section 1001(a)(3). ECF No. 13. On August 13, 2021, a sixth defendant who participated in the fraudulent moving company scheme, Tal Ohana, pleaded guilty to an information charging her with a violation of Title 18, United States Code, Section 371. See United States v. Tal Ohana, 21-CR-369, at ECF 28.

1

for a number of moving companies controlled by Yakov Moroz[2] (the "Fraudulent Moving Companies"). Through the scheme, the defendants defrauded customers and potential customers of the Fraudulent Moving Companies by, among other things, misrepresenting estimated charges for moving services and then forcing victims to pay additional money at the time of the move, including after the customers' belongings had been removed from their homes and were in transit (the "Moving Fraud Scheme").

The defendants carried out the Moving Fraud Scheme by, among other tactics, representing to the public that the Fraudulent Moving Companies were honest and reliable, creating and causing Better Business Bureau ("BBB") business profiles to be created for the companies that falsely stated the companies' ratings and number of years in business, and routinely changing the names of the Fraudulent Moving Companies in order to avoid detection. As a result of the fraudulent scheme, the defendants, together with others, wrongfully obtained more than $3,000,000 from over 800 victims.

On April 9, 2021, a grand jury sitting in the Eastern District of New York returned a superseding indictment charging the defendants as well as Yakov Moroz (also known as "Koby" and "Yasha"), Paula Jones, and Kristen Smith (also known as "Sabrina") (the "Other Defendants") with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, in connection with their participation in the Moving Fraud Scheme. ECF No. 19. In or about January 2023, defendant Moroz fled justice. See ECF 81. On November 7, 2023, defendants Paula Jones and Kristen Smith pleaded guilty to the sole count of conspiracy to commit wire fraud. ECF Nos. 103, 104. A pretrial conference is scheduled for November 28, 2023 and trial is scheduled to commence against defendants Mak and Prince on December 5, 2023.

---

[2]  As described herein, Moroz fled justice in January 2023.

ARGUMENT

I.  The Court Should Admit the Defendants' Statements When Offered by the Government

The government respectfully moves to admit prior statements of the defendants if those statements are offered at trial by the government, and to preclude any additional prior statements of the defendants if offered by the defendants at trial.

A.  The Defendants' Statements Should be Admitted as Party Admissions

The government intends to offer numerous statements made by the defendants in its case-in-chief. Specifically, the government intends to offer communications between the defendants and other employees of the Fraudulent Moving Companies (including the Other Defendants) in which the defendants discuss various aspects of the Moving Fraud Scheme, including, among other things, customer transactions, customer complaints against the Fraudulent Moving Companies, and changing the Fraudulent Moving Companies' names and BBB ratings in order to defraud customers.

The government generally may introduce a defendant's statements into evidence because a statement is not hearsay if it is "offered against an opposing party and (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; [or] (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2). Here, any communications conveying a statement of one of the defendants would be offered against the opposing party (i.e., by the United States against the defendants), and fall within one of the foregoing subsections. The statements are thus within the purview of Rule 801(d)(2) and admissible.

B. <u>The Court Should Preclude the Defendants from Admitting Additional Portions of their Statements</u>

The Court should additionally preclude the defendants from admitting other portions of their statements either on cross-examination or in their case-in-chief, because such testimony would most likely constitute hearsay.

It is well-established that a defendant generally is prohibited from introducing his or her own out-of-court statements at trial. See <u>United States v. Marin</u>, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); <u>United States v. Blake</u>, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (same). Therefore, a "court may . . . exclude any portion that consists largely of a defendant's own self-serving statements, which, as offered by him, are inadmissible hearsay." <u>United States v. Mahaffy</u>, No. 05-CR-613 (ILG), 2007 WL 1094153, at *2 (E.D.N.Y. Apr. 10, 2007) (citations omitted); <u>see also</u> <u>United States v. Yousef</u>, 327 F.3d 56, 153 (2d Cir. 2003) (holding that "while the Government was free to introduce the statement as an admission by a party-opponent, [the defendant] had no right to introduce it on his own" (citations omitted)). As the Sixth Circuit has explained, were the law otherwise, a defendant "could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." <u>United States v. McDaniel</u>, 398 F.3d 540, 545 (6th Cir. 2005).

Nor are such statements likely to be admissible pursuant to the rule of completeness. Under Federal Rule of Evidence 106, courts only permit inclusion of otherwise hearsay testimony where it is "essential to explain an already admitted document, to place the admitted document in context, or to avoid misleading the trier of fact." <u>United States v. Gotti</u>, 457 F. Supp. 2d 395, 397-98 (S.D.N.Y. 2006). Self-serving exculpatory statements are not

4

admissible by a defendant unless "their exclusion would unfairly distort the meaning of the declarant's non-hearsay statements that are in evidence." United States v. Harper, No. 05-CR-6068L, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009). Here, to the extent that a portion or portions of the Defendants' statements is not introduced by the government, it is unlikely that such portions would be essential to explain or place in context the statements offered by the government or to avoid misleading the trier of fact. Of course, the Court can address any such requests to admit statements based on the rule of completeness if and when the Defendants seek to admit their own statements.

II. The Court Should Admit Statements of the Defendants' Co-Conspirators as Statements in Furtherance of the Conspiracy.

Over the course of the charged conspiracy, the defendants communicated extensively with one another and with other employees (both charged and uncharged) of the Fraudulent Moving Companies in connection with their roles in the Moving Fraud Scheme (collectively, the "Co-Conspirator Statements"). As discussed above, these communications included emails, SMS, WhatsApp, and Slack communications between the defendants and the Co-Conspirators concerning, among other things, customer transactions, customer complaints against the Fraudulent Moving Companies, and changing the Fraudulent Moving Companies' names and BBB ratings in order to defraud customers and potential customers and induce them into hiring the Fraudulent Moving Companies. The Co-Conspirator Statements are in furtherance of the conspiracy, are probative of the way in which the conspiracy operated, and were designed to facilitate the achievement of the goals of the conspiracy—namely, defrauding customers of the Fraudulent Moving Companies by charging them with fraudulent fees at the time of, and after, their move. The government moves in limine to admit such statements as co-conspirator statements.

5

Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence ("Rule 801(d)(2)(E)"), a statement offered against an opposing party and "made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay. "The law is well settled in this circuit that declarations that are otherwise hearsay may nevertheless be provisionally admitted, subject to eventual connection of the defendant with the conspiracy alleged, as long as the trial court is ultimately satisfied that the participation of the defendant against whom the declaration is offered has been established by a fair preponderance of the evidence independent of the hearsay utterances." United States v. Cambindo Valencia, 609 F.2d 603, 630 (2d Cir. 1979). To admit a statement under the co-conspirator exception, a court must find by a preponderance of the evidence that (i) "there was a conspiracy"; (ii) "its members included the declarant and the party against whom the statement is offered"; and (iii) "the statement was made during the course of and in furtherance of the conspiracy." United States v. Gupta, 747 F.3d 111, 123 (2d Cir. 2014). Both written and oral statements of a co-conspirator, if made in the course of and in furtherance of the conspiracy, are admissible under Rule 801(d)(2)(E). See, e.g., United States v. SKW Metals & Alloys, Inc., 195 F.3d 83, 88 (2d Cir. 1999) (citing Fed. R. Evid. 801(a)).

For statements to be "in furtherance" of the conspiracy, the Second Circuit has explained that:

> the statements must in some way have been designed to promote or facilitate achievement of the goals of the ongoing conspiracy, as by, for example, providing reassurance to a co-conspirator, seeking to induce a co-conspirator's assistance, serving to foster trust and cohesiveness, or informing co-conspirators as to the progress or status of the conspiracy, or by prompting the listener — who need not be a co-conspirator — to respond in a way that promotes or facilitates the carrying out of a criminal activity.

United States v. Tracy, 12 F.3d 1186, 1196 (2d Cir. 1993) (internal citations omitted); see United States v. Maldonado-Rivera, 922 F2d 934, 958-59 (2d Cir. 1990); see also Glenn v. Bartlett, 98

6

F.3d 721, 728 (2d Cir. 1996) (finding that a statement is made in furtherance of a conspiracy where the statement is "designed to promote or facilitate achievement of the goals of that conspiracy") (internal quotation marks omitted); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989) ("The principal question in the 'furtherance' issue is whether the statement promoted, or was intended to promote, the goals of the conspiracy."); United States v. Adelekan, 567 F. Supp. 3d 459, 466 (S.D.N.Y. 2021) ("As to the in furtherance requirements, the touchstone is that the statement be designed to promote the accomplishment of the conspiracy's goals." (internal quotation marks and alterations omitted)). "Though the Rule requires that both the declarant and the party against whom the statement is offered be members of the conspiracy, there is no requirement that the person to whom the statement is made also be a member." Beech-Nut Nutrition Corp., 871 F.2d at 1199 (internal citation omitted).

The Co-Conspirator Statements are not hearsay under Federal Rule of Evidence 801(d)(2)(E). The evidence at trial, which will include testimony of multiple victims, a law enforcement witness with knowledge of the conspiracy, and a cooperating member of the conspiracy, will show that the defendants were part of a conspiracy through which the Fraudulent Moving Companies defrauded its customers by, among other things, (i) falsely conveying to customers that the company was honest and reliable, (ii) providing an estimate to the customer at an artificially low price, and (iii) charging the customer fees at the time the move occurred, including after the customer's belongings were loaded onto the moving truck. For the conspiracy to function, the members of the conspiracy communicated with one another about each of the above-outlined steps of the scheme. The Co-Conspirator Statements are communications between the defendants and other employees of the Fraudulent Moving Companies concerning such efforts to defraud customers and potential customers of the Fraudulent Moving Companies. Accordingly,

7

the Co-Conspirator Statements are admissible as non-hearsay statements pursuant to Federal Rule of Evidence 801(d)(2)(E). See, e.g., Gupta, 747 F.3d at 120-21 (finding wiretapped call between a co-conspirator and a third party admissible as non-hearsay evidence pursuant to Rule 801(d)(2)(E)); Adelekan, 567 F. Supp. 3d at 465-66, 468 (finding text messages between uncharged co-conspirators and victims and uncharged co-conspirators and third party banks admissible pursuant to Rule 801(d)(2)(E), with leave for defendants to object to specific statements once identified); United States v. Saneaux, 392 F. Supp. 2d 506, 516 (S.D.N.Y. 2005) (finding admissible pursuant to Rule 801(d)(2)(E) communications between co-conspirators and "bribe paying prospective tenants" regarding amount and logistics of payments in connection with a bribery conspiracy).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motions in limine.

Dated:       Brooklyn, New York
              November 15, 2023

                                      BREON PEACE
                                      United States Attorney
                                      Eastern District of New York

                     By:    /s/ Elias Laris
                            Elias Laris
                            Arun Bodapati
                            Assistant U.S. Attorney
                            (718) 254-6599